UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| THOMAS RICHARDS,<br><br>    Plaintiff,<br><br>v.<br><br><br>AOL MEDIA LLC,<br><br>    Defendant. | Civil Action No. 1:25-cv-02448___<br><br><br><br><br>Lisa Weingarten Richards, Esq.<br>VSB #96671<br>LWR Law Offices<br>3060 Williams Dr. Ste 300 #510<br>Fairfax, Virginia 22031<br>(202) 981-2059<br>LWR@LWRLawOffices.com<br>Counsel for Plaintiff |

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**
**AND PRELIMINARY INJUNCTION**

  Plaintiff Thomas Richards, by counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 65 for a temporary restraining order and preliminary injunction. Plaintiff seeks to preserve the status quo pending resolution of this action by enjoining Defendant AOL Media LLC from enforcing its new Terms of Service and Privacy Policy against Plaintiff, and from terminating Plaintiff's email account or restricting his access to his email archive. In support of this Motion, Plaintiff states as follows:

**I.  INTRODUCTION**

1

This case presents an urgent threat to the privacy and property rights of a twenty-five-year email user. On Thanksgiving Day 2025, Defendant AOL Media LLC notified Plaintiff that it would impose sweeping new privacy terms effective January 2, 2026. Under the new Privacy Policy, Defendant claims the right to read, analyze, and share Plaintiff's private email communications with third parties -- including advertisers, data brokers, "AI Providers," and law enforcement -- all under the guise of "legitimate interest" that requires no affirmative consent.

Plaintiff never agreed to allow AOL to read his emails. Beginning in 2018, AOL repeatedly prompted Plaintiff to accept unified Terms of Service and Privacy Policy. Plaintiff intentionally declined each time. He was never locked out of his account for refusing. AOL's own published FAQ confirms that users who did not accept the 2018 terms "remain under the legacy AOL Terms and Privacy Policy." That legacy policy states that "Oath does not read your private online communications without your consent." For seven years, Plaintiff has relied on that promise.

Now, for the first time, AOL is attempting to coerce Plaintiff into accepting terms that would authorize surveillance of his religious and personal communications -- or forfeit his digital identity. This coercion violates the Stored Communications Act, the Electronic Communications Privacy Act, and fundamental principles of contract law. Plaintiff seeks emergency relief to maintain the status quo while his claims are adjudicated.

II.     **STATEMENT OF FACTS**

Plaintiff Thomas Richards has maintained his AOL email address since approximately 2000. Declaration of Thomas Richards ("Richards Decl.") at ¶ 3. His AOL email is his primary address for personal, professional, and ministry communications. *Id.* at ¶ 4. Plaintiff is a biblical scholar with approximately twenty-nine years of experience who operates a

biblical scholarship ministry. *Id.* at ¶ 6. His ministry work includes positions that are controversial and disfavored by certain government and corporate actors, making the privacy of his religious communications particularly important. *Id.* at ¶ 8.

On November 27, 2025 -- Thanksgiving Day -- Plaintiff received notice from AOL of changes to its Terms of Service and Privacy Policy, effective January 2, 2026. Richards Decl. at ¶ 9. The new policies authorize AOL to process "the content of incoming and outgoing emails and attachments" for "Smart Features," "Tailored Content," and "Targeted Advertising." *Id.* at ¶ 10. The new policies permit AOL to share data from Plaintiff's "AOL Mail inbox with our AI Providers." *Id.* at ¶ 11. The new policies claim "legitimate interest" as the legal basis for processing email content, meaning no affirmative consent is required. *Id.* at ¶ 12. The new policies further permit disclosure of Plaintiff's data to "Public, judicial and/or police authorities" and authorize retention of data for "Defense purposes" for up to ten years. *Id.* at ¶ 13.

Critically, Plaintiff never accepted AOL's 2018 unified Oath Terms of Service and Privacy Policy. Richards Decl. at ¶ 17. Beginning in 2018, AOL repeatedly prompted Plaintiff to accept the new terms. *Id.* Plaintiff intentionally declined each time. *Id.* He was never locked out of his account or prevented from accessing his email for refusing. *Id.* AOL's own FAQ confirms that users who did not accept remain under the legacy AOL Privacy Policy. That legacy policy states: "Oath does not read your private online communications without your consent."

Upon information and belief, despite Plaintiff's refusal to accept the 2018 terms, Defendant has been scanning and analyzing Plaintiff's email communications since approximately 2018. Plaintiff began receiving targeted advertisements and experiencing other

3

indicia suggesting that the content of his private email communications was being read without his consent and in violation of the legacy policy that governed his account.

Plaintiff now faces an impossible choice: accept the new terms and submit to surveillance of his religious and personal communications, or reject the terms and forfeit his email address and archive of approximately 150,000 emails. Richards Decl. at ¶ 18. AOL states that simply logging into his email account after January 2, 2026 will constitute "agreement" to the new terms. *Id.* at ¶ 22. Plaintiff cannot even access his own email archive without triggering acceptance. *Id.*

### III.   LEGAL STANDARD

A party seeking a temporary restraining order or preliminary injunction must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). In the Fourth Circuit, each of the four *Winter* factors must be "satisfied as articulated." *Pashby v. Delia*, 709 F.3d 307, 321 (4th Cir. 2013).

### IV.   ARGUMENT

#### A.   Plaintiff Is Likely to Succeed on the Merits

##### 1.   Stored Communications Act Claim

The Stored Communications Act prohibits a provider of electronic communication service from "knowingly divulg[ing] to any person or entity the contents of a communication while in electronic storage." 18 U.S.C. § 2702(a)(1). AOL's new Privacy Policy explicitly authorizes disclosure of email contents to "AI Providers" and other third parties. This violates the SCA.

While 18 U.S.C. § 2702(b)(3) permits disclosure "with the lawful consent of the originator," consent obtained through coercion is not lawful. *See Restatement (Second) of Contracts* § 175 (contracts induced by improper threats are voidable). AOL's ultimatum -- accept surveillance or lose your twenty-five-year account -- constitutes duress that vitiates consent.

Moreover, Plaintiff never consented to the 2018 terms that would have authorized email scanning. He remains governed by the legacy AOL Privacy Policy, which expressly prohibits reading his private communications without consent. If Defendant has been scanning Plaintiff's emails since 2018 despite his refusal to consent, Defendant has already committed ongoing SCA violations.

### 2. Electronic Communications Privacy Act Claim

The Electronic Communications Privacy Act prohibits the intentional interception of electronic communications. 18 U.S.C. § 2511(1). AOL's systematic reading and analysis of email content, and subsequent disclosure to AI providers and other third parties, constitutes interception under the statute. For the same reasons set forth above, coerced consent is not valid consent under 18 U.S.C. § 2511(2)(d), and Plaintiff never consented to the 2018 terms in any event.

### 3. Contract Claims

Plaintiff is likely to succeed on his breach of contract and breach of implied covenant claims. The legacy AOL Privacy Policy -- which continues to govern Plaintiff's account because he never accepted the 2018 terms -- constitutes a binding promise that AOL will not read his private communications without consent. AOL's attempt to unilaterally impose terms authorizing surveillance, on pain of account termination, breaches this promise and violates the implied covenant of good faith and fair dealing.

Plaintiff is also likely to succeed on his unconscionability claim. The new terms are procedurally unconscionable because Plaintiff has no meaningful choice -- he must accept surveillance or forfeit twenty-five years of digital identity. They are substantively unconscionable because they purport to authorize reading private communications under "legitimate interest" without consent, a term so one-sided that no reasonable person would knowingly agree to it.

Even assuming arguendo that Plaintiff had accepted the 2018 terms -- which he did not -- the legacy AOL Privacy Policy pages remained publicly accessible and continued to state that AOL would not read private communications without consent. Defendant cannot maintain contradictory policies and enforce the one most favorable to itself. Under Virginia law, ambiguities in contracts of adhesion are construed against the drafter. *Karnette v. Wolpoff & Abramson, L.L.P.*, 444 F. Supp. 2d 640, 646-47 (E.D. Va. 2006).

### B.   Plaintiff Will Suffer Irreparable Harm Absent Relief

A plaintiff seeking preliminary relief must demonstrate "that he is likely to suffer irreparable harm in the absence of preliminary relief." *Winter*, 555 U.S. at 20; *Pashby*, 709 F.3d at 320-21. Here, Plaintiff faces two forms of irreparable harm, neither of which can be remedied by money damages.

*First*, if Plaintiff accepts the new terms, his private religious and personal communications will be subjected to surveillance and shared with AI providers. This invasion of privacy causes ongoing harm that cannot be undone. The chilling effect on Plaintiff's willingness to engage in frank religious correspondence cannot be quantified or compensated.

*Second*, if Plaintiff refuses the new terms, he will lose access to his email address and archive of approximately 150,000 emails accumulated over twenty-five years. He will lose a core component of his digital identity. He will lose contact with people who have only his

6

AOL address. Some connections may be irretrievably lost. No amount of money can restore these relationships or rebuild a quarter-century of digital identity.

The January 2, 2026 deadline is imminent. AOL states that simply logging into the account after that date constitutes acceptance. Plaintiff cannot even access his own email archive without triggering the new terms. Absent injunctive relief, Plaintiff will be forced to choose between two irreparable harms before the merits of his claims can be adjudicated.

### C. The Balance of Equities Favors Plaintiff

The balance of equities tips decisively in Plaintiff's favor. Plaintiff seeks only to maintain the status quo -- continued access to his email account under the terms that have governed it for years -- until the merits can be resolved. This imposes minimal burden on Defendant, which has allowed Plaintiff to use his account under the legacy terms for twenty-five years, including seven years after he declined to accept the 2018 unified terms.

Defendant, by contrast, will suffer no cognizable harm from a brief delay in implementing its new privacy regime as to this single user. Defendant has millions of users and does not depend on scanning Plaintiff's emails for its business operations. The equities strongly favor preserving Plaintiff's privacy and property rights pending resolution of his claims.

### D. An Injunction Serves the Public Interest

The public has a strong interest in the enforcement of federal privacy statutes, including the Stored Communications Act and Electronic Communications Privacy Act. These statutes were enacted to protect the privacy of electronic communications, and their protections would be meaningless if service providers could coerce users into waiving them on pain of losing their accounts.

The public also has an interest in preventing digital platforms from wielding disproportionate power over users who have invested years building their digital identities. Plaintiff has used his AOL email for twenty-five years. The public interest is served by ensuring that such long-term users are not coerced into accepting surveillance terms under threat of losing everything they have built.

### E.     No Bond or a Nominal Bond Is Appropriate

Federal Rule of Civil Procedure 65(c) provides that a court may issue a preliminary injunction "only if the movant gives security" in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. However, district courts "retain the discretion to set the bond amount as [they] see fit or waive the security requirement" entirely. *Pashby v. Delia*, 709 F.3d 307, 332 (4th Cir. 2013) (citing Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 421 (4th Cir. 1999)). Here, Defendant will suffer no quantifiable harm from continuing to provide Plaintiff email service under the legacy terms. Plaintiff respectfully requests that no bond be required, or in the alternative, that any bond be set at a nominal amount.

## V.     REQUESTED RELIEF

Plaintiff respectfully requests that this Court enter a temporary restraining order and preliminary injunction:

(a)     Enjoining Defendant from enforcing its new Terms of Service and Privacy Policy against Plaintiff;

(b)     Enjoining Defendant from terminating, suspending, restricting, or otherwise interfering with Plaintiff's access to his AOL email account;

8

    (c)    Enjoining Defendant from reading, scanning, analyzing, or otherwise processing the contents of Plaintiff's stored or incoming email communications;

    (d)    Enjoining Defendant from sharing or disclosing any of Plaintiff's email data with third parties, including "AI Providers";

    (e)    Requiring Defendant to maintain Plaintiff's account under the legacy AOL Privacy Policy terms pending final resolution of this action;

    (f)    Waiving any bond requirement, or in the alternative, setting bond at a nominal amount; and

    (g)    Granting such other relief as the Court deems just and proper.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant his Motion for Temporary Restraining Order and Preliminary Injunction.

Dated: December 23, 2025

                                            Respectfully submitted,

                                            /s/ Lisa Weingarten Richards
                                            Lisa Weingarten Richards, Esq.
                                            VSB #96671
                                            LWR Law Offices
                                            3060 Williams Dr. Ste 300 #510
                                            Fairfax, Virginia 22031
                                            (202) 981-2059
                                            LWR@LWRLawOffices.com

                                            *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2025, a true copy of the foregoing Motion for Temporary Restraining Order and Preliminary Injunction was served upon Defendant AOL Media LLC's at their Registered Agent in Delaware. A courtesy copy was emailed to AOL's counsel, Zachary J. Poretz, at zporetz@mcguirewoods.com.

Lisa Weingarten Richards, Esq.