UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

|  |  |
|---|---|
| THOMAS RICHARDS,<br>          Plaintiff,<br><br>v.<br><br><br>AOL MEDIA LLC,<br>          Defendant. | Civil Action No. 1:25cv 02448<br><br><br><br>Lisa Weingarten Richards, Esq.<br>VSB #96671<br>LWR Law Offices<br>3060 Williams Dr. Ste 300 #510<br>Fairfax, Virginia 22031<br>(202) 981-2059<br>LWR@LWRLawOffices.com<br>Counsel for Plaintiff |

**PLAINTIFF'S AMENDED EMERGENCY MOTION FOR PRESERVATION ORDER**

**AND FOR SANCTIONS FOR SPOLIATION OF EVIDENCE**

Plaintiff Thomas Richards, by counsel, respectfully submits this Amended Emergency Motion for Sanctions for Spoliation of Evidence and for Emergency Preservation Order. This Amended Motion supersedes Plaintiff's original Emergency Motion for Spoliation Sanctions filed on December 23, 2025. Due to the extreme time pressure of filing this action, along with the complaint, and the emergency TRO motion before the federal holiday closure, counsel inadvertently overlooked that she had in fact preserved a PDF copy of Defendant's legacy privacy policy on November 27, 2025, while the page was still publicly accessible. This Amended Motion corrects and streamlines the record. Plaintiff respectfully requests that the

Court strike the prior Emergency Motion and its accompanying Declaration of Lisa Weingarten Richards, and consider this Amended Motion and Amended Declaration in their place.

**I. INTRODUCTION**

This case concerns Defendant's attempt to coerce Plaintiff into accepting new privacy terms that authorize surveillance of his email communications. Central to Plaintiff's claims is Defendant's prior promise -- published on its website for years -- that "Oath does not read your private online communications without your consent."

Plaintiff's counsel preserved a PDF copy of this legacy privacy policy on November 27, 2025, at approximately 11:25 PM (when writing a complaint to the Virginia Attorney General regarding the same underlying facts) while the page was still publicly accessible. The file metadata on counsel's computer confirms this date. A true and correct copy of this PDF is attached hereto as Exhibit A. (The relevant statement appears as the second bullet, top of page 3 of the PDF Exhibit.)

Within days of being served with this lawsuit on December 17, 2025, Defendant blocked public access to the webpage containing this promise. The page now returns a "403 Forbidden" error. This is spoliation of evidence.

**II. FACTUAL BACKGROUND**

**A. Defendant's Legacy Privacy Promise**

Defendant's legacy privacy policy was publicly accessible at https://privacy.aol.com/legacy/privacy-policy.1.html. The policy contained the following critical statement: "Oath does not read your private online communications without your consent." Declaration of Lisa Weingarten Richards ("Richards Counsel Decl.") at ¶ 4.

### B. Counsel's Preservation of the Legacy Policy

On November 27, 2025, Plaintiff's counsel researched Defendant's privacy policies in connection with this dispute. Richards Counsel Decl. at ¶ 3. At approximately 11:25 PM, counsel printed Defendant's legacy privacy policy page to PDF format. Id. at ¶ 5. The file metadata on counsel's computer confirms the creation date of November 27, 2025. Id. A true and correct copy of this PDF is attached as Exhibit A. A screenshot of counsel's file explorer showing the file metadata is attached as Exhibit B.

### C. Service of Process

Plaintiff served Defendant with the Complaint via process server at Defendant's registered agent on December 17, 2025. Richards Counsel Decl. at ¶ 8.

### D. Defendant's Destruction of Evidence

On December 20, 2025 -- just three days after service of process -- Plaintiff's counsel attempted to access the same legacy privacy policy page. Richards Counsel Decl. at ¶10. The URL https://privacy.aol.com/legacy/privacy-policy.1.html now returns a "403 Forbidden" error, blocking all public access. Id.; Exhibit C (Screenshot of 403 Forbidden error).

The timing is not coincidental. Defendant blocked access to this page within days of being served with a lawsuit that relies on the promises contained in that page.

### III. LEGAL STANDARD

Spoliation is "the destruction or material alteration of evidence or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001). "The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to

anticipated litigation." Id. at 591. *see also Turner v. United States*, 736 F.3d 274, 282 (4th Cir. 2013).

Federal Rule of Civil Procedure 37(e) governs sanctions for failure to preserve electronically stored information. Where a party "acted with the intent to deprive another party of the information's use in the litigation," the court may "presume that the lost information was unfavorable to the party," "instruct the jury that it may or must presume the information was unfavorable to the party," or "dismiss the action or enter a default judgment." Fed. R. Civ. P. 37(e)(2).

## IV. ARGUMENT

### A. Defendant Had a Duty to Preserve This Evidence

Defendant's duty to preserve evidence attached no later than December 17, 2025, when Defendant was served with the Loudoun Circuit Court lawsuit. That complaint specifically quotes the "does not read" language and alleges that Defendant is breaching its prior privacy commitments. Defendant was on actual notice that its legacy privacy policies were directly relevant to pending litigation.

Defendant's duty to preserve the evidence may have accrued even earlier, if Defendant was aware of Plaintiff's complaint to the Virginia Attorney General's Office filed on November 27, 2025.

### B. Defendant Destroyed Relevant Evidence

Within three days of being served with this lawsuit, Defendant blocked public access to the webpage containing evidence of its prior privacy commitments. The 403 Forbidden error indicates that the server is actively refusing to fulfill requests -- this requires affirmative configuration by Defendant to deny access.

### C. The Evidence Is Central to Plaintiff's Claims

The legacy privacy policy is the best evidence of what Defendant promised its users. Plaintiff alleges that Defendant promised not to read his private email communications without consent, that Plaintiff relied on this promise for twenty-five years, and that Defendant is now attempting to coerce Plaintiff into accepting surveillance terms that contradict this promise.

### D. The Timing Demonstrates Intent

The legacy policy page was publicly accessible for years. It remained accessible through at least December 16, 2025 -- the day before Defendant was served with this lawsuit. Richards Counsel Decl. at ¶ 6-7; Exhibit D (Counsel's browser history showing successful access to "Full Privacy Policy - AOL Privacy" at privacy.aol.com on December 16, 2025, compared to "403 Forbidden" error on December 25, 2025). Then, within days of service, Defendant blocked all access. This timing demonstrates intent to deprive Plaintiff of this evidence.

## V. REQUESTED RELIEF

Plaintiff respectfully requests that this Court:

(a) Enter an emergency preservation order requiring Defendant to immediately preserve all versions of its privacy policies, terms of service, and FAQ pages, including all legacy versions, in whatever form they exist on Defendant's servers;

(b) Order Defendant to produce all versions of its privacy policies, terms of service, and FAQ pages in effect at any time from 2000 to the present;

(c) Find that Defendant spoliated evidence by blocking access to its legacy privacy policy page after being served with this lawsuit;

(d) Instruct the jury that it may presume the destroyed evidence was unfavorable to Defendant;

(e) Deem established for purposes of this litigation that Defendant's legacy privacy policy stated "Oath does not read your private online communications without your consent" and that this promise governed accounts that did not accept the 2018 unified terms;

(f) Award Plaintiff his reasonable attorney's fees and costs incurred in bringing this Motion; and

(g) Grant such other relief as the Court deems just and proper.

## VI. CONCLUSION

Defendant blocked public access to evidence of its prior privacy commitments within days of being served with this lawsuit. Plaintiff respectfully requests that this Court impose appropriate sanctions and order Defendant to preserve and produce all relevant evidence.

Dated: December 25, 2025

Respectfully submitted,

Lisa Weingarten Richards, Esq.
VSB #96671
LWR Law Offices
3060 Williams Dr. Ste 300 #510
Fairfax, Virginia 22031
(202) 981-2059
LWR@LWRLawOffices.com
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on December 25, 2025, a true copy of the foregoing Amended Emergency Motion for Sanctions for Spoliation of Evidence and for Emergency Preservation Order was filed with the Court via CM/ECF. Service upon Defendant AOL Media LLC will be effected via process server on December 26, 2025, upon issuance of the summons by the Court.

Pursuant to correspondence from McGuireWoods LLP dated December 23, 2025, stating that the firm is "not authorized to accept service on behalf of AOL Media LLC," Plaintiff has discontinued sending courtesy copies to McGuireWoods.

/s/ Lisa Weingarten Richards
Lisa Weingarten Richards, Esq.