**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| THOMAS RICHARDS, | ) | |
| *Plaintiff,* | ) | |
| v. | ) | Case No. 1:25-cv-2448 (PTG/IDD) |
| AOL MEDIA, LLC, | ) | |
| *Defendant.* | ) | |

**ORDER**

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"). Dkt. 2. On December 23, 2025, Plaintiff filed a Complaint for Declaratory and Injunctive Relief. Dkt. 1. On the same day, Plaintiff filed the Motion seeking a temporary restraining order, and preliminary injunction, to preclude Defendant AOL Media, LLC, from "enforcing its new Terms of Service and Privacy Policy against Plaintiff." Dkt. 2 at 1. According to the Motion, said policy is set to take effect on January 2, 2026, and that Plaintiff logging into his account will constitute acceptance of the new policy. *Id.* at 4.

Federal Rule of Civil Procedure 65 authorizes federal courts to issue preliminary injunctions and temporary restraining orders ("TROs"). Rule 65(b)(1) states: "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1)(A)–(B). "The standard for granting either a TRO or a preliminary injunction is the same." *Moore v. Kempthorne*, 464 F.

Supp. 2d 519, 525 (E.D. Va. 2006) (citations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20.

The purpose of notice to the nonmoving party is to give that party an opportunity to be heard. *See Jones-El v. Wright*, No. 2:16-cv-502, 2016 WL 11635719, at *1 (E.D. Va. Oct. 27, 2016) (quoting *Tchienkou v. Net Trust Mortg.*, No. 3:10-cv-23, 2010 WL 2375882, at *1 (W.D. Va. June 9, 2010) (Rule 65(b) requirements "are not merely technical niceties that a court may easily disregard, but rather crucial safeguards of due process."). "[O]ur entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted to both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974). Thus, a TRO is an extraordinary remedy "to be granted only sparingly." *Parson*, 157 F. Supp. 3d at 490 (quoting *Toolchex, Inc. v. Trainor*, 634 F. Supp. 2d 586, 590–91 (E.D. Va. 2008)).

According to the instant motion, on November 27, 2025, Plaintiff received notice of the impending new policy. Dkt. 2 at 3. Yet, Plaintiff waited until December 23, 2025—almost a month—before filing the Complaint and instant motion. At that time, Plaintiff also sought an immediate hearing and indicated that he served Defendant through its registered agent in Delaware. *Id.* at 10.[1] As an initial matter, the Court finds that by delaying, Plaintiff has not allowed

[1] Plaintiff filed an Amended Emergency Motion for Preservation Order and for Sanctions for Spoliation of Evidence. Dkt. 6. The Court does not address this motion at this time. The Court notes that under Federal Rule of Civil Procedure 37(e), electronically stored information must be preserved in anticipation of litigation. Failures to comply with this rule are sanctionable. That being said, there is no need to address these claims on an emergency basis without giving Defendant the opportunity to respond and be heard.

for "reasonable notice" and has not provided good cause for this delay. *See Granny Goose Foods, Inc.*, 415 U.S. at 438–39. Having reviewed the Motion, the Court finds that there is no reason why Defendant should not be given a reasonable opportunity to respond and be heard.

Additionally, from what can be discerned from Plaintiff's submission, no extraordinary circumstances exist to grant a temporary restraining order. At this stage, Plaintiff has not established that he is likely to prevail on the merits of his claims. While including other attachments, Plaintiff failed to attach a copy of the very policy that he is challenging.

Accordingly, it is hereby

**ORDERED** that the parties shall meet and confer on an agreed upon date and notice a hearing on the motion for preliminary injunction for a Thursday after January 8, 2026.

Entered this 30th day of December, 2025.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge