**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF VIRGINIA**

**ALEXANDRIA DIVISION**

THOMAS RICHARDS,
Plaintiff,

v.

Civil Action No. 1:25cv 02448

AOL MEDIA LLC,
Defendant.

Lisa Weingarten Richards, Esq.
VSB #96671
LWR Law Offices
3060 Williams Dr. Ste 300 #510
Fairfax, Virginia 22031
(202) 981-2059
LWR@LWRLawOffices.com
Counsel for Plaintiff

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING TEMPORARY RESTRAINING ORDER**

Plaintiff Thomas Richards, by counsel, respectfully moves this Court to reconsider its December 30, 2025 Order denying Plaintiff's Motion for Temporary Restraining Order. The Court's Order rests on factual premises that are contradicted by the record. Specifically, Defendant had actual notice of this dispute since December 17, 2025, and actual notice of this federal action since December 23, 2025. Moreover, Plaintiff did not "delay" -- Plaintiff filed a complaint with the Virginia Attorney General on November 27, 2025, the same day AOL announced the policy changes.

**I. DEFENDANT HAS HAD ACTUAL NOTICE SINCE DECEMBER 17, 2025**

The Court's Order states that Plaintiff "waited until December 23, 2025 -- almost a month -- before filing the Complaint and instant motion" and that Plaintiff "has not allowed for 'reasonable notice.'" Order at 2-3.

This characterization overlooks the procedural history:

- **November 27, 2025**: The same day AOL announced the policy changes, Plaintiff's counsel filed a consumer complaint with the Virginia Attorney General. Complaint ¶ 21.
- **December 16, 2025**: Plaintiff filed suit in the Circuit Court of Loudoun County, Virginia, seeking emergency injunctive relief. The case was docketed as Case No. CL25-8424. Plaintiff served AOL on December 17, 2025, and McGuireWoods LLP entered an appearance on behalf of AOL.
- **December 23, 2025**: Plaintiff filed the instant federal action and, the same day, emailed all filings to AOL's counsel at McGuireWoods LLP (Zachary Poretz and Benjamin Spears). Plaintiff also submitted the proposed summons to the Clerk for issuance. See Dkt. 5.
- **December 24-26, 2025**: The Court was closed pursuant to Executive Order 14371, which President Trump signed on December 18, 2025, closing federal executive departments and agencies on December 24 and 26, 2025.
- **December 27-28, 2025**: Weekend.
- **December 29, 2025**: The Clerk issued the summons. Plaintiff immediately served AOL through its registered agent. See Dkt. 9.

Defendant AOL has had actual notice of this dispute since December 17, 2025, when it was served with the Loudoun County lawsuit. Defendant has had actual notice of this federal

action since December 23, 2025, when Plaintiff emailed all filings to Defendant's counsel. The five-day delay between Plaintiff's submission of the proposed summons (December 23) and its issuance (December 29) resulted entirely from the unprecedented three-day court closure and the intervening weekend.

**II. ACTUAL NOTICE SATISFIES RULE 65's REQUIREMENTS**

Courts within the Fourth Circuit have held that a TRO may be granted even without formal service of process where the defendant has sufficient notice. In *Sogefi USA, Inc. v. Interplex Sunbelt, Inc.*, 538 F. Supp. 3d 620, 625-26 (S.D. W. Va. 2021), the court held that "a strict rule precluding the court from granting relief makes little sense" where the defendant has received actual notice, emphasizing that "the power to enter temporary restraining orders is a power to preserve the status quo" and that this power "in advance of the service of process is universally recognized."

Here, Defendant has been represented by McGuireWoods LLP since before this matter was filed. McGuireWoods then received Plaintiff's federal filings by email on December 23, 2025. McGuireWoods has appeared in the parallel Loudoun County action. There is no question that Defendant has had actual notice and a full opportunity to respond. Moreover, Plaintiff's counsel spoke with Defendant's counsel at McGuireWoods by telephone and exchanged emails regarding this matter. Defendant cannot credibly claim lack of notice when its own attorneys have been actively engaged in this dispute since mid-December.

**III. PLAINTIFF DID NOT "DELAY" -- PLAINTIFF PURSUED ADMINISTRATIVE REMEDIES FIRST**

The Court's Order characterizes Plaintiff as having "waited until December 23, 2025 -- almost a month" before filing. This characterization ignores that Plaintiff took immediate

action on November 27, 2025, Thanksgiving Day -- the same day he received notice of the policy changes -- by filing a complaint with the Virginia Attorney General.

Pursuing administrative remedies before litigation is not "delay." It is prudent lawyering. Courts routinely encourage parties to exhaust administrative options before resorting to the courts.

When no response came from the Attorney General, Plaintiff filed in state court on December 16, 2025 -- still 17 days before the January 2, 2026 deadline. When the state court denied emergency status on December 17, 2025, Plaintiff filed an appeal with Virginia Supreme Court on December 19, 2025, and then filed in federal court on December 23, 2025.

This is not delay. This is diligent pursuit of every available remedy.

**IV. THE FOURTH CIRCUIT STANDARD FOR "DELAY" DOES NOT SUPPORT DENIAL**

The Fourth Circuit and district courts within this circuit have consistently held that delays far longer than Plaintiff's 20 days (20 before filing in state court, and 26 before this court) do not constitute unreasonable delay barring equitable relief -- particularly where the plaintiff pursued other remedies first and the defendant suffered no prejudice.

In *NAACP-Greensboro Branch v. Guilford County Bd. of Elections*, 858 F. Supp. 2d 516 (M.D.N.C. 2012), the court found that plaintiffs did not unduly delay in bringing suit for a preliminary injunction where they filed approximately six months after enactment of the challenged law and three months after its preclearance. The court credited the plaintiffs' communication with relevant authorities -- including the state attorney general's office -- during this period as evidence of diligence, not delay. *Id.* Here, Plaintiff filed with the Virginia Attorney General on November 27, 2025, Thanksgiving, the same day the policy

was announced, and filed suit 19 days later. This is far shorter than the delays found acceptable in *NAACP-Greensboro*.

In *Patrick Henry Estates Homeowners Ass'n v. Miller*, 758 F. Supp. 2d 331, 343 (N.D. W. Va. 2010), the court held that "mere delay is not sufficient to bar relief under the doctrine of laches." Instead, courts must focus on the effect of the delay, including whether the delay caused prejudice to the defendant. *Id*. Here, AOL has demonstrated no prejudice whatsoever from Plaintiff's 26-day period between announcement and federal filing. AOL is a major corporation represented by BigLaw counsel. A TRO hearing would simply give both parties an opportunity to be heard -- causing no harm to AOL.

In *Sogefi USA, Inc. v. Interplex Sunbelt, Inc.*, 538 F. Supp. 3d 620 (S.D. W. Va. 2021), the court granted a TRO even without formal service of process, emphasizing that the purpose of a TRO is to preserve the status quo, and strict procedural requirements should not preclude relief in cases where the plaintiff has acted diligently to address an urgent matter. Plaintiff acted diligently here -- filing with the AG immediately, filing in state court when the AG did not respond, and filing in federal court when the state court denied emergency status.

By contrast, cases finding unreasonable delay involve periods measured in years, not weeks. In *EEOC v. Propak Logistics, Inc.*, 884 F. Supp. 2d 433 (W.D.N.C. 2012), the court applied laches based on a seven-year delay that caused material prejudice -- the facility had closed, records were lost, and key witnesses were unavailable. In *Buzz Off Insect Shield, LLC v. S.C. Johnson & Son, Inc.*, 606 F. Supp. 2d 571 (M.D.N.C. 2009), the court considered a two-year delay as a factor -- but even then, the jury rejected the laches defense.

Plaintiff's 26 days -- during which he pursued administrative remedies, filed in state court, and then filed in federal court -- does not remotely approach the delays found problematic in Fourth Circuit jurisprudence.

## V. AOL DESIGNED THIS TIMELINE TO PREVENT LEGAL RESPONSE

AOL announced its policy changes on Thanksgiving Day, November 27, 2025, with an effective date of January 2, 2026. This 36-day window included:

- Thanksgiving Day
- The week following Thanksgiving
- The December holiday season
- Christmas Eve, Christmas Day, and December 26 (all federal holidays in 2025)
- New Year's Eve and New Year's Day

AOL's timing was calculated to minimize the window for legal response. The Court should not reward this manipulation by blaming Plaintiff for not filing suit immediately upon receiving a Thanksgiving Day email.

## VI. PLAINTIFF NOW ATTACHES THE CHALLENGED POLICY

The Court noted that Plaintiff "failed to attach a copy of the very policy that he is challenging." Order at 3. Plaintiff respectfully attaches hereto as Exhibit A, a true and correct copy of AOL's new Privacy Policy, available at https://s.aolcdn.com/membership/aollegal/en-us/privacy/index.html, and as Exhibit B, AOL's FAQs, available at https://s.aolcdn.com/membership/aollegal/en-us/faqs/index.html

## VII. PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS

The Court noted that Plaintiff had not established likelihood of success on the merits, in part because Plaintiff "failed to attach a copy of the very policy that he is challenging." Order at 3.

Having now provided the challenged Privacy Policy (Exhibits A and B), Plaintiff respectfully submits that the merits are clear.

The Stored Communications Act, 18 U.S.C. § 2701(a), prohibits unauthorized access to stored electronic communications. The Electronic Communications Privacy Act, 18 U.S.C. § 2511, prohibits interception of electronic communications without consent. AOL's new Privacy Policy authorizes AOL to process "the content of incoming and outgoing emails and attachments" for purposes including "Smart Features," "Tailored Content," and "Targeted Advertising," and to share user data with advertising networks, platforms, and corporate affiliates. Exhibit A, §§ 2(b), 2(d), 2(k), 5.

AOL claims Plaintiff will "consent" to this surveillance by logging into his account after January 2, 2026. But consent under the federal wiretap statutes must be voluntary and knowing -- it cannot be constructive or assumed. See *United States v. Kesari*, 556 F. Supp. 3d 571, 581 (S.D. W. Va. 2021) (implied consent under § 2511 must be "consent in fact," requiring "convincing evidence" that the party "knowingly agreed to the interception"). Forcing a user to choose between accepting surveillance or losing access to a 25-year email account and 150,000 archived emails is not voluntary, knowing consent -- it is coercion.

Moreover, Plaintiff never accepted AOL's 2018 unified terms that purportedly authorized email scanning. Plaintiff's account predates those terms, and AOL cannot demonstrate Plaintiff affirmatively agreed to them.

## VIII. THE JANUARY 2, 2026 DEADLINE RENDERS A POST-JANUARY 8 HEARING INEFFECTIVE

The Court's Order directs the parties to "meet and confer on an agreed upon date and notice a hearing on the motion for preliminary injunction for a Thursday after January 8, 2026."

By January 8, 2026, the new Privacy Policy will have been in effect for six days. Plaintiff will have been forced to either:

(a) Log into his account and be deemed to have "accepted" the new terms authorizing surveillance of his private communications; or

(b) Refrain from logging in and lose access to his email account and 150,000 archived emails.

Either outcome causes irreparable harm that cannot be undone by a preliminary injunction issued after January 8. The purpose of a TRO is to preserve the status quo pending a hearing on the merits. If the status quo is destroyed before the hearing, the TRO serves no purpose.

**IX. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court reconsider its December 30, 2025 Order and:

(a) Enter a temporary restraining order preserving the status quo until the preliminary injunction hearing;

(b) Alternatively, hold an expedited preliminary injunction hearing on December 31, 2025, to permit Defendant to be heard before the January 2, 2026 deadline;

(c) Alternatively, order Defendant to show cause why it should not be enjoined from enforcing the new Privacy Policy against Plaintiff pending the preliminary injunction hearing.

(d) In light of the legal standards set forth above, find that Plaintiff did not unreasonably delay and that Defendant has had sufficient notice to satisfy Rule 65's requirements.

Dated: December 30, 2025

Respectfully submitted,

Lisa Weingarten Richards, Esq.
VSB #96671
LWR Law Offices
3060 Williams Dr. Ste 300 #510
Fairfax, Virginia 22031
(202) 981-2059
LWR@LWRLawOffices.com
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2025, the foregoing Motion for Reconsideration was filed with the Court via CM/ECF and a courtesy copy was emailed to counsel for Defendant at BSpears@mcguirewoods.com and zporetz@mcguirewoods.com.

/s/ Lisa Weingarten Richards
Lisa Weingarten Richards