**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| THOMAS RICHARDS,<br><br>*Plaintiff*,<br><br>v.<br><br>AOL MEDIA LLC,<br><br>*Defendant*. | Case No: 1:25CV02448 (PTG/IDD) |

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION OR, ALTERNATIVELY, TO TRANSFER VENUE**

Defendant AOL Media LLC ("AOL"), pursuant to L. Civ. R. 7(F), submits this brief in support of its motion to compel arbitration or, alternatively, to transfer venue of the action filed by Plaintiff Thomas Richards ("Richards").

**INTRODUCTION**

Richards claims that the 2017 version of the terms of service ("TOS") applies to the use of his AOL email account. ECF 1 ¶ 15. That version provides a two-step dispute resolution process. Exhibit 1. Step 1 required Richards to "begin by submitting a 'Notice of Legal Dispute'" to the provider, so that the parties could "attempt to resolve any Dispute through informal negotiation within sixty (60) days from the date the Notice of Legal Dispute is received[.]" *Id.* If the parties' negotiations were unsuccessful within the 60-day window, Step 2 required Richards to "arbitrate all Disputes" or "litigate any Dispute in small claims court . . . if the Dispute meets all requirements to be heard in the small claims court." *Id.* Under the 2017 version of the TOS, Richards agreed that "arbitration or a small claims action will be your sole and exclusive remedy to resolve any dispute with us," and that "you are giving up the right to litigate . . . any and all

Disputes." *Id.* The 2017 version of the TOS further provided that: "All disputes between you and Oath will be resolved by binding arbitration. You thus give up your right to litigate disputes with us in court . . . . Disputes will be decided by a neutral arbitrator and not a judge or jury." *Id.*

AOL contends that Richards agreed to a version of the TOS that was updated in 2018. Exhibit 2. That version also includes a binding arbitration clause, which provides: "YOU AND OATH BOTH AGREE TO RESOLVE ANY AND ALL DISPUTES, CONTROVERSIES OR CLAIMS THAT IN ANY WAY ARISE OUT OF OR RELATE TO THESE TERMS OR FROM ANY SERVICES YOU RECEIVE FROM US . . . ONLY BY ARBITRATION ON AN INDIVIDUAL BASIS OR IN SMALL CLAIMS COURT." *Id.* The clause further provides: "YOU UNDERSTAND THAT BY AGREEING TO THESE TERMS, ARBITRATION OR A SMALL CLAIMS ACTION WILL BE THE SOLE AND EXCLUSIVE MEANS OF RESOLVING ANY DISPUTE BETWEEN US. YOU ALSO UNDERSTAND THAT BY AGREEING TO THESE TERMS, YOU AND OATH ARE GIVING UP THE RIGHT TO BRING A CLAIM IN COURT[.]" *Id.*

There is also a third version of the TOS that was updated as of January 2, 2026. Exhibit 3. Its arbitration clause similarly provides that: "YOU AND US BOTH AGREE TO RESOLVE ANY AND ALL DISPUTES, CONTROVERSIES OR CLAIMS THAT IN ANY WAY ARISE OUT OF OR RELATE TO THESE TERMS OR FROM ANY SERVICES YOU RECEIVE FROM US . . . ONLY BY ARBITRATION ON AN INDIVIDUAL BASIS. *Id.* The clause further provides: "YOU ALSO UNDERSTAND THAT BY AGREEING TO THESE TERMS, ARBITRATION WILL BE THE SOLE AND EXCLUSIVE MEANS OF RESOLVING ANY DISPUTE BETWEEN US. YOU ALSO UNDERSTAND THAT BY AGREEING TO THESE

TERMS, YOU AND WE ARE GIVING UP THE RIGHT TO BRING A CLAIM IN COURT OR IN FRONT OF A JURY[.]" *Id.*

Under any version of the TOS, Richards was obligated to arbitrate his claims.[1] AOL files this motion to enforce the arbitration clause through a Court Order that dismisses this action and compels Richards to proceed with arbitration. Alternatively, if the Court finds that the 2026 version of the TOS is enforceable, and that Richards validly opted-out of all applicable arbitration clauses, then AOL asks the Court to transfer this action to the U.S. District Court for the Southern District of New York, as required by the 2026 version's forum-selection clause.

**ARGUMENT**

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq.*, applies to all versions of the TOS. Exhibit 1 ("The Federal Arbitration act applies to this TOS."); Exhibit 2 ("The Federal Arbitration Act applies to these Terms."); Exhibit 3 ("The Federal Arbitration Act applies to these terms."). Under the FAA, arbitration clauses are presumptively "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract . . . ." 9 U.S.C. § 2; *Mey v. DIRECTV, LLC*, 971 F.3d 284, 288 (4th Cir. 2020) ("The Act thereby places arbitration agreements on equal footing with all other contracts, . . . and requires courts to enforce them according to their terms[.]") (quotation marks and citations omitted).

Richards fails to identify any "grounds as exist at law or in equity" that would render the arbitration clauses unenforceable. Rather, Richards relies exclusively on an "opt-out" email that he sent on January 2, 2026, which is attached here as Exhibit 4. In that email, Richards stated: "I am opting out of the arbitration agreement in the AOL Terms of Service effective January 2,

[1] Richards does not allege that his claims satisfy the prerequisites to be filed in any jurisdiction's small claims court.

2026, pursuant to Section 14(a)(ii)(8)." There are three problems with Richards' reliance on his opt-out email.

First, Richards opted-out of an arbitration clause within the same version of the TOS that he claims to be "unenforceable." ECF 1 ¶ 75. If the 2026 version of the TOS is truly "unenforceable," as Richards claims, then he cannot rely on the opt-out provision contained within that version.

Second, even if Richards validly opted-out of the 2026 version's arbitration clause, that is not the end of the analysis. The opt-out provision goes on to state: "If you opt out of this updated arbitration clause and were previously subject to an arbitration clause in effect prior to this updated arbitration clause, then that prior arbitration clause shall remain as part of the agreement between us." Exhibit 3. As discussed above, Richards was subject to an arbitration clause from an earlier version of the TOS (either 2017, 2018, or any subsequent version of the TOS, all of which include similar arbitration language), and that arbitration clause "shall remain" in effect.

Third, if the 2026 version of the TOS is enforceable, such that Richards can validly opt-out of arbitration, then he is necessarily bound by that version's forum-selection clause. Under the 2026 TOS, "if for any reason a Dispute proceeds in court rather than through arbitration, all such Disputes (regardless of theory) arising out of or relating to these Terms, or the relationship between you and us, will be brought exclusively in the courts located in the county of New York, New York or the U.S. District Court for the Southern District of New York." Therefore, if the 2026 version is enforceable, and if Richards validly opted-out of arbitration, then this Court must also enforce the 2026 version's forum-selection clause and transfer this action to the U.S. District Court for the Southern District of New York. *See* 28 U.S.C. § 1404(a); *Atl. Marine Const. Co.,*

*Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 59-60 (2013) ("Section 1404(a) therefore provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district. . . . [A] proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases.") (quotation marks omitted).

**CONCLUSION**

For the reasons discussed, the Court should grant AOL's motion and order the parties to proceed to arbitration or, alternatively, transfer this action to the U.S. District Court for the Southern District of New York.

Dated: January 12, 2026

Respectfully submitted,

**AOL MEDIA LLC**
*By Counsel*

*/s/ Brooks H. Spears*

Brooks H. Spears (VSB No. 86391)
Zachary J. Poretz (VSB No. 99508)
**MCGUIREWOODS LLP**
1750 Tysons Boulevard, Suite 1800
Tysons Corner, VA 22102
T: (703) 712-5132
F: (703) 712-5252
bspears@mcguirewoods.com
zporetz@mcguirewoods.com

**CERTIFICATE OF SERVICE**

I certify that, on January 12, 2026, I caused the foregoing to be served via the Court's electronic filing system, which will send notice to all counsel of record.

*/s/ Brooks H. Spears*