IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| THOMAS RICHARDS, | ) |
| *Plaintiff*, | ) |
| v. | ) Case No: 1:25CV02448 |
| AOL MEDIA LLC, | ) |
| *Defendant*. | ) |

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant AOL Media LLC ("AOL"), pursuant to L. Civ. R. 7(F), submits this brief in support of its motion to dismiss the complaint filed by Plaintiff Thomas Richards ("Richards").

**INTRODUCTION**

Richards' six claims all arise from his factually incorrect allegation that he "never agreed to the 2018 unified Oath Terms of Service or Privacy Policy." ECF 1 ¶ 15. Although AOL and the Court must assume that allegation to be true for purposes of Fed. R. Civ. P. 12(b)(6), the allegation need not be accepted as true for jurisdictional purposes under Fed. R. Civ. P. 12(b)(1) and (2). As demonstrated by the attached declarations, Richards affirmatively consented to the 2018 version of the TOS and incorporated privacy policy on April 11, 2019. As explained below, Richards' consent to the 2018 TOS and privacy policy, which allowed his email service provider to scan and disclose his email contents, eliminates Richards' standing and any basis for the Court to exercise personal jurisdiction over AOL.

But even if the Court's jurisdiction were sound, and even assuming all allegations to be true, Richards fails to state a claim under Fed. R. Civ. P. 12(b)(6). First, Richards' entire

complaint should be dismissed because he failed to comply with the dispute resolution process, which is a condition precedent to bringing this action. Second, his allegations under the Stored Communications Act and the Electronic Communications Privacy Act are conclusory and therefore insufficient. Third, AOL cannot breach the implied covenant of good faith and fair dealing by exercising a valid contractual right. Fourth, Richards pleads no facts showing that the 2026 TOS is procedurally or substantively unconscionable. Fifth, Richards' Virginia Consumer Protection Act claim fails to identify which of the statute's eighty-six prohibited practices AOL supposedly violated. Sixth, his promissory estoppel claim fails because Virginia law does not recognize such a claim.

Finally, setting aside the issues under Fed. R. Civ. P. 12(b), the Court should abstain from deciding this case under the principles of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Richards filed this action on December 23, *one day* after receiving an adverse state court ruling. His complaint mirrors his first-filed state court complaint, asserting the same claims and seeking the same relief, but adding two putative federal claims to invoke federal jurisdiction. This procedural fencing is exactly why federal district courts have discretion to abstain from hearing cases like this one. The state court, where Richards originally chose to file his claims, is fully capable of protecting his rights and affording full relief if he prevails. Accordingly, the Court should abstain from deciding this action, and Richards should be required to litigate all his claims in his first-filed case in Loudoun County Circuit Court.

## FACTUAL BACKGROUND

Richards has maintained an AOL email account for nearly twenty-five years. ECF 1 ¶ 7. Richards alleges that AOL's 2017 Privacy Policy represented that AOL would not read Richards' email communications without his consent. *Id.* at ¶ 12. In 2018, AOL's then-parent company,

Oath, updated the terms of service and privacy policy. *Id.* at ¶ 14. Richards claims that he never consented to the 2018 TOS or the 2018 Privacy Policy, and his account remained governed by the 2017 Privacy Policy. *Id.* at ¶ 15.[1] Therefore, according to Richards, AOL may not read his emails. *Id.*

In November 2025, AOL notified Richards that new terms of service and a new privacy policy would go into effect January 2, 2026. *Id.* at ¶ 17. The 2026 Privacy Policy allows AOL to analyze Richards' emails. *Id.* at ¶¶ 22–24. Richards' continued use of his account is deemed acceptance of the 2026 TOS and the 2026 Privacy Policy. *Id.* at ¶ 29. He may opt out of the 2026 TOS or the 2026 Privacy Policy by discontinuing his account. *Id.* at ¶¶ 27–28.

On December 17, 2025, Richards filed a complaint against AOL in Loudoun County Circuit Court.[2] In that complaint, Richards alleged four causes of action: (1) Breach of the Implied Covenant of Good Faith and Fair Dealing; (2) Unconscionability; (3) Violation of the Virginia Consumer Protection Act; and (4) Promissory Estoppel. *See* Exhibit 1. As he does here, Richards sought an emergency hearing and relief. *Id.* The circuit court denied Richards' request for injunctive relief the day it was filed on procedural grounds.[3] On December 19, 2025, Richards moved the circuit court to reconsider its denial.[4] That same day, he filed a petition for review with the Supreme Court of Virginia.[5]

---

[1] As explained below and supported by sworn declarations in support of AOL's Fed. R. Civ. P. 12(b)(1) argument, this is false.

[2] A true, accurate, and authentic copy of Richards' state court complaint is attached hereto as Exhibit 1. This Court "may [ ] look to public records, including complaints filed in state court, in deciding a motion to dismiss." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 397 (4th Cir. 2006) (quoting *Blue Tree Hotels v. Starwood Hotels & Resorts*, 369 F.3d 212, 217 (2d Cir. 2004)).

[3] A true, accurate, and authentic copy of the circuit court's December 17, 2025 order is attached hereto as Exhibit 2.

[4] A true, accurate, and authentic copy of Richards' motion for reconsideration is attached hereto as Exhibit 3.

[5] A true, accurate, and authentic copy of Richards' petition for review is attached hereto as Exhibit 4.

On December 22, 2025, the circuit court denied Richards' motion for reconsideration (again, on procedural grounds).[6] The *very next day*, Richards filed this complaint and a motion for a temporary restraining order. ECF 1; ECF 2. The Court denied the motion for a temporary restraining order on December 30, 2025. ECF 11. Richards filed a motion for reconsideration with the Court later that day. ECF 12. On December 31, 2025, Richards filed a supplement to his motion for reconsideration. ECF 13. Because the Court did not grant Richards' motion to reconsider before January 2, 2026, he claimed that his motion became "moot." ECF 10.

As Richards pursued parallel litigation in this Court, his state court action advanced. On January 2, 2026, the Supreme Court of Virginia denied Richards' petition for review.[7] On January 5, 2026, Richards filed a petition for rehearing with the Supreme Court of Virginia.[8] The Supreme Court of Virginia denied his petition on January 7, 2026.[9] Also on January 7, 2026, AOL filed a motion to compel arbitration, a motion craving oyer, and a demurrer or, alternatively, plea in bar in response to Richards' Loudoun County complaint.

Richards brings six claims in this federal action. Two are new (pled for the purpose of establishing federal question jurisdiction): alleged violations of the Stored Communications Act and the Electronic Communications Privacy Act. ECF 1 ¶¶ 46–64. The other four are identical to those brought in the still-pending state court case. *Compare* ECF 1 ¶¶ 65–87, *with* Exhibit 1 ¶¶ 38–56. Once again, Richards seeks equitable relief, a declaration that the 2026 TOS and 2026 Privacy Policy are unenforceable, damages, and fees. ECF 1, Prayer for Relief.

---

[6] A true, accurate, and authentic copy of the circuit court's December 22, 2025 order is attached hereto as Exhibit 5.

[7] A true, accurate, and authentic copy of the Supreme Court of Virginia's January 2, 2026 order is attached hereto as Exhibit 6.

[8] A true, accurate, and authentic copy of Richards' petition for rehearing is attached hereto as Exhibit 7.

[9] A true, accurate, and authentic copy of the Supreme Court of Virginia's January 7, 2026 order is attached hereto as Exhibit 8.

## ARGUMENT

**I.      The Court Should Dismiss the Complaint Under Fed. R. Civ. P. 12(b)(1) Because Richards Lacks Standing.**

Richards asks the Court to issue a declaratory judgment that the 2026 TOS is unenforceable. But that relief would not redress Richards' claimed injury, which purports to be a change in the parties' contractual relationship that suddenly allows AOL to read and disclose his emails. Contrary to Richards' theory, no material term of the parties' contractual relationship changed from January 1 to January 2, when the 2026 TOS took effect. The reason nothing changed is that AOL already had the contractual right to scan and disclose the contents of Richards' emails, because he had agreed to a substantively similar term in an earlier version of the TOS.

AOL's records show that Richards agreed to the 2018 TOS, which incorporates the 2018 Privacy Policy, on April 11, 2019. Exhibit 9 ¶¶ 18–20. AOL's records would only show this if Richards affirmatively accepted the 2018 TOS by reviewing a summary of the terms and clicking the "I Accept" button. Exhibit 10 ¶¶ 12–13. AOL's 2018 Policy states that "Oath analyzes and stores all communications content, including email content from incoming and outgoing mail." Exhibit 9 ¶ 15. It also states that this information may be shared with third parties. *Id.*

Because Richards previously agreed to these terms, the 2026 TOS does not harm him in the manner he alleges. Even if the Court were to invalidate the 2026 TOS, as Richards requests, he would remain bound by the 2018 and later versions of the TOS, which, for many years, have allowed AOL to scan and disclose the contents of his emails. *Doe v. Virginia Dep't of State Police*, 713 F.3d 745, 756 (4th Cir. 2013) ("A plaintiff faces a related obstacle to establishing traceability and redressability when there exists an unchallenged, independent rule, policy, or decision that would prevent relief even if the court were to render a favorable decision.").

Richards does not challenge these earlier versions. Therefore, the Court should dismiss this case for lack of standing.

**II.     The Court Should Dismiss the Complaint Under Fed. R. Civ. P. 12(b)(2) Because AOL Is Not Subject to Personal Jurisdiction in Virginia.**

Richards' consent to the 2018 TOS also means there is no basis for this Court to exercise personal jurisdiction over AOL. "There are two types of personal jurisdiction: general and specific." *New Venture Holdings, LLC v. DeVito Verdi, Inc.*, 376 F. Supp. 3d 683, 690 (E.D. Va. 2019). "Plaintiffs bear the burden of proving that personal jurisdiction exists by a preponderance of the evidence." *Selke v. Germanwings GmbH*, 261 F. Supp. 3d 645, 651 (E.D. Va. 2017). Here, Richards offers no allegations or evidence that AOL is subject to either general or specific personal jurisdiction in Virginia.

For general personal jurisdiction to apply, "a corporation may be fairly regarded as at home in the forum where it is incorporated and the forum where it has its principal place of business." *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 133 (4th Cir. 2020); *see also Gamboa v. Great Lakes Dredge & Dock Co., LLC*, No. 20-18-JWD, 2020 WL 4373111, at *4 (M.D. La. July 30, 2020) (recognizing that the Supreme Court of the United States applied the same test to an LLC in *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014)). As Richards concedes, "Defendant AOL Media LLC is a Delaware limited liability company with its principal place of business in New York, New York." ECF 1 ¶ 2; *see also* Exhibit 10 ¶ 6. Therefore, general personal jurisdiction cannot apply to AOL.

For specific personal jurisdiction to apply, "the suit must arise out of or relate to the defendant's contacts with the forum." *Fidrych*, 952 F.3d at 138 (quoting *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 582 U.S. 255, 262 (2017)) (emphasis omitted). Richards alleges that AOL sent him and "approximately 30 million other users" notice that the 2026 TOS would

6

apply to AOL email accounts. ECF 1 ¶ 17. Because Richards concedes that this alleged communication was not specifically targeted at him in Virginia, it cannot form the basis for specific personal jurisdiction. *See Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 321-22 (5th Cir. 2021) ("To target every user everywhere . . . is to target no place at all.").

Finally, Richards relies on a supposed forum-selection clause from 2017 TOS, which allegedly provides that disputes "will be resolved by a state or federal court located in Arlington County, Fairfax County, the City of Alexandria, or Loudoun County, Virginia." ECF 1 ¶ 6. Notably, Richards fails to attach the 2017 TOS to his complaint. Regardless, AOL was not created until 2023, Exhibit 10 ¶ 6, and thus did not even exist at the time of the 2017 version of the TOS, which means that AOL cannot be subject to the Virginia forum-selection clause. More importantly, Richards agreed to the subsequent 2018 TOS that designates New York as the exclusive venue for disputes. The facts establishing Richards' consent to the 2018 TOS are set forth in the attached declarations. *See* Exhibits 9 & 10.

Without general personal jurisdiction, specific personal jurisdiction, or an applicable Virginia forum-selection clause, this case must be dismissed.

**III.    The Court Should Dismiss the Complaint Under Fed. R. Civ. P. 12(b)(6) Because Richards Fails to State a Claim Upon Which Relief Can Be Granted.**

**A.    Richards fails to allege that he followed the dispute resolution process, which is a condition precedent to the filing of this lawsuit.**

Under the 2017 TOS, which Richards claims applies, a user is required to "first try to resolve any formal complaint or dispute with us through our Notice of Legal Dispute Process." Exhibit 11.[10]   This includes providing formal written notice and engaging in "informal

---

[10] "[W]hen a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint and the Court may consider the same without converting the motion to one for summary judgment." *Gasner v. Cnty. of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995).

negotiation" before initiating any action. *Id*. Richards never alleges that he complied with—and in fact did not comply with—the Notice of Legal Dispute Process.

"A contract's condition precedent to initiating legal action is enforceable in Virginia." *Primov v. Serco, Inc.*, 296 Va. 59, 66 (2018) (citation omitted). And where, as here, "compliance with [a notice provision] is a condition precedent to instituting legal action, allegations of compliance with that section are necessary to state a cause of action." *TC MidAtlantic Dev., Inc. v. Commonwealth, Dep't of Gen. Servs.*, 280 Va. 204, 210 (2010) (citations omitted). Failure to follow a contractual dispute resolution process requires dismissal.[11]  *See, e.g.*, *Dominion Transmission, Inc. v. Precision Pipeline, Inc.*, No. 3:13cv442-JAG, 2013 WL 5962939, at *6 (E.D. Va. Nov. 6, 2013).

### B. Richards fails to state a claim under the Stored Communications Act.

Richards claims that AOL violated the Stored Communications Act because the 2026 Privacy Policy "authorizes" AOL to "knowingly divulge the contents of Plaintiff's stored communications to third parties," and authorizes AOL "to retain Plaintiff's communications for up to ten years and to disclose those communications to" governmental entities. ECF 1 ¶¶ 50, 52. Conspicuously absent from the complaint, however, is any allegation that AOL *actually* divulged any records or communications in violation of the Stored Communications Act.

Instead, Richards merely states that "*[u]pon information and belief*, Defendant *may have* already violated the Stored Communications Act by scanning and disclosing Richards' stored communications without lawful consent since approximately 2018." ECF 1 ¶ 56 (emphasis

---

[11] This is not a mere technicality. The dispute resolution process is designed so that a user, like Richards, can resolve any technical issues with his account (e.g., privacy toggles) before litigation ensues. That process should have occurred here, and likely would have avoided the significant time, costs, and efforts expended by the parties and the Court in litigating these issues to-date.

added).  As an initial matter, the Stored Communications Act's two-year statute of limitations applies based on Richards' own allegation.  18 U.S.C. § 2707(f).

Setting that aside, to survive a motion to dismiss, Richards must plead more "than a mere possibility that a defendant has acted unlawfully."  *Ryan v. Quick*, No. 4:09cv51, 2010 WL 11566375, at *1 (E.D. Va. Jan. 15, 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  Here, Richards "does no more than provide a 'formulaic recitation of a cause of action' and fails to provide the type of factual support necessary to 'raise a right to relief above the speculative level.'"  *Holomaxx Techs. v. Microsoft Corp.*, 783 F. Supp. 2d 1097, 1107 (N.D. Cal. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); ECF 1 ¶ 56.  Richards' hypothetical and speculative assertion that AOL "may have violated" the Stored Communications Act "[u]pon information and belief" is insufficient to survive a motion to dismiss.  *Wikimedia Found. v. Nat. Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (noting "naked assertions devoid of further factual enhancement are not entitled to the presumption of truth") (citation omitted).

Moreover, even if AOL scanned and disclosed Richards' email contents, it is allowed to do so with the "lawful consent of the originator" without violating the Stored Communications Act.  18 U.S.C. 2702(b)(3).  Richards alleges that AOL notified users that the 2026 TOS would take effect on January 2, 2026.  ECF 1 ¶ 17.  The 2026 Privacy Policy allows AOL to "read[] and analyze[] the content of" Richards' email communications, and "share [his] email content with 'AI Providers' and other third parties."  *Id.* ¶¶ 22–23.  Richards further alleges that, after January 2, 2026, "if Plaintiff logs into his AOL account, [AOL] will deem him to have accepted the new terms" of the 2026 Privacy Policy, per AOL's notice.  *Id.* ¶¶ 29; 44.  Therefore, any scanning and disclosure of Richards' email contents would have been done with his consent.  *See Cooper v. Slice Techs., Inc.*, No. 17-CV-7102 (JPO), 2018 WL 2727888, at *4 (S.D.N.Y. June 6, 2018)

(dismissing a Stored Communications Act claim in part because "the privacy policy reserves the right to do exactly what UnrollMe did: 'collect and use your commercial transactional messages and associated data to build anonymous market research products and services with trusted business partners'").

      **C.**      **Richards fails to state a claim under the Electronic Communications Privacy Act.**

Richards' Electronic Communications Privacy Act claim fares no better. Richards alleges that the 2026 Privacy Policy "authorizes [AOL] to read and analyze the contents of Plaintiff's email communications[.]" ECF 1 ¶ 59. He also claims (again) that "*[u]pon information and belief*, [AOL] *may have* already violated the Electronic Communications Privacy Act by intercepting and disclosing Plaintiff's electronic communications without valid consent since approximately 2018." *Id.* ¶ 64 (emphasis added). Like the Stored Communications Act, the Electronic Communications Privacy Act applies a two-year statute of limitations. 18 U.S.C. § 2520(e).

In any event, Richards' allegations (again) fail to show AOL *actually* read or analyzed any of his emails. *See Ryan*, 2010 WL 11566375, at *1 (noting a plaintiff must plead more "than a mere possibility that a defendant has acted unlawfully"). Richards' sole allegation is "conclusory and devoid of factual support." *Holomaxx Techs.*, 783 F. Supp. 2d at 1106. It "does not explain how [AOL] 'intercepted' [his] communications or how [AOL] 'used and disclosed' the contents of those communications." *Id.* Again, Richards' hypothetical and speculative assertion that AOL "may have violated" the Electronic Communications Privacy Act is a "naked assertion[] devoid of further factual enhancement," and should be disregarded. *Wikimedia Found.*, 857 F.3d at 208 (citation omitted).

Consent is likewise a defense to claims brought under the Electronic Communications Privacy Act. *See* 18 U.S.C. § 2511(2)(d). If Richards continued to use his account after January 2, 2026, and AOL intercepted and disclosed Richards' emails, it did so with his consent. ECF 1 ¶¶ 29; 44 *See Mortensen v. Bresnan Commc'ns, L.L.C.*, No. CV 10-13-BLG-RFC, 2010 WL 5140454, at *5 (D. Mont. Dec. 13, 2010) ("As noted in Bresnan's *Privacy Notice* and *OnLine Subscriber Agreement*, it is evident that Plaintiffs' electronic transmissions would be monitored and would in fact be transferred to third-parties for the purposes of providing 'content or services.'"). Therefore, Richards cannot maintain a claim for violation of the Electronic Communications Privacy Act.

### D. Richards fails to state a claim for a violation of the implied covenant of good faith and fair dealing.

Richards claims AOL "breached the implied covenant of good faith and fair dealing by . . . unilaterally and materially changing the fundamental terms of the parties' agreement." ECF 1 ¶ 69. But the 2017 Privacy Policy explicitly states that "[w]e may update this Privacy Policy from time to time, and so you should review this Policy periodically." ECF 1-2. The 2017 TOS states that "[w]e may modify this TOS from time to time," and "[i]f you do not agree to the changes, stop using our Services . . . before the changes take effect." Exhibit 11. "[W]hen parties to a contract create valid and binding rights, an implied covenant of good faith and fair dealing is inapplicable to those rights." *Ward's Equip., Inc. v. New Holland N. Am., Inc.*, 254 Va. 379, 385 (1997). Therefore, Richards cannot maintain a claim for breach of the implied covenant of good faith and fair dealing predicated on AOL's exercise of its right to modify its privacy policy.

### E. Richards fails to state a claim for a declaratory judgment that the 2026 TOS is unconscionable.

"'Unconscionability is a narrow doctrine' that requires a plaintiff to show an 'inequality . . . so gross as to shock the conscience.'" *Galloway v. Priority Imports Richmond, LLC*, 426 F.

11

Supp. 3d 236, 244 (E.D. Va. 2019) (quoting *Sydnor v. Conseco Fin. Servicing Corp.*, 252 F.3d 302, 305 (4th Cir. 2001)). Richards must allege both a "substantive and procedural element" of unconscionability to state a claim. *Lee v. Fairfax Cnty. Sch. Bd.*, 621 F. App'x 761, 763 (4th Cir. 2015).

Richards alleges that the 2026 TOS is procedurally unconscionable because it is a contract of adhesion, acceptance is deemed to occur when users continue to use the services, and notice was provided on a major holiday. ECF 1 ¶ 73. But "Virginia does not always, or even usually, presume adhesive contracts to be unenforceable." *Saturn Distribution Corp. v. Williams*, 905 F.2d 719, 725 (4th Cir. 1990). And "[c]ontracts can contain provisions saying that continued use will bind parties to modified contract terms" without creating procedural unconscionability. *Gillam v. Branch Banking and Tr. Co. of Va.*, No. 3:17-cv-722, 2018 WL 3744019, at *3–5 (E.D. Va. Aug. 7, 2018). Moreover, Richards cannot complain about the timing of any notice of the 2026 TOS; he filed a consumer complaint with the Attorney General's office the *very same day*. ECF 1 ¶ 21. Therefore, Richards fails to allege the 2026 TOS is procedurally unconscionable.

Richards also alleges the 2026 TOS is substantively unconscionable because it allows AOL to read his email communications and share those communications with third parties. ECF 1 ¶ 74. Substantive unconscionability arises where the contract is one that "no man in his senses and not under delusion would make on the one hand, and . . . no honest and fair man would accept on the other." *Chaplain v. Chaplain*, 54 Va. App. 762, 773 (2009). Richards cannot claim these terms "shock the conscience," or that "no honest and fair man would accept" them, because he alleges that approximately 30 million users will be bound by the 2026 TOS by continuing to use their accounts after January 2, 2026. ECF 1 ¶¶ 17, 29. Millions of users' acceptance, stacked against Richards' lone dissent, demonstrate the 2026 TOS is not substantively unconscionable.

  **F.**  **Richards fails to state a claim for a VCPA violation.**

Richards alleges AOL violated the VCPA by engaging in certain "fraudulent acts or practices." ECF 1 ¶ 77 (citing Va. Code § 59.1-200(A)). "Because they involve allegations of fraud, VCPA claims are subject to Rule 9(b)'s heightened pleading standard[.]" *Orr v. Keystone RV Co.*, 736 F. Supp. 3d 389, 397 (E.D. Va. 2024). Here, Richards fails to identify which of the *eighty-six* fraudulent acts or practices prohibited under Va. Code § 59.1-200(A) AOL allegedly engaged in. Nor does he plead a single misrepresentation of fact. Without any of these allegations, Richards' VCPA does not even satisfy Rule 8's "fair notice" requirement, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), let alone the heightened "particularity" requirement of Fed. R. Civ. P. 9(b).

  **G.**  **Richards fails to state a claim for promissory estoppel.**

Count VI fails as a matter of law because "promissory estoppel is not a cognizable cause of action in Virginia." *Mongold v. Woods*, 278 Va. 196, 202 (2009) (collecting cases).

**IV.** **The Court Should Abstain Under *Colorado River*.**

Putting aside the issues under Fed. R. Civ. P. 12(b), the Court should abstain from adjudicating this action in favor of Richards' parallel Loudoun County action. Under *Colorado River*, district courts have discretion to abstain "in favor of ongoing, parallel state proceedings where considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation clearly favor abstention." *Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 248 (4th Cir. 2013) (quotation marks omitted). In exercising this discretion, the Court should consider: "(1) whether the subject matter of the litigation involves property where the first court may assume jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal

13

litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceedings to protect the parties' rights." *Cartograf USA, Inc. v. Choate Const. Co.*, No. 3:22CV632, 2023 WL 2843791, at *4-5 (E.D. Va. Apr. 7, 2023). Critically, courts in this circuit apply a seventh factor that asks, "whether the later-filed lawsuit is reactive or vexatious." *Alami v. Lincoln Prop. Co.*, 61 F. Supp. 3d 551, 560 (E.D. Va. 2014).

Under the first factor, in cases not involving real property rights, the Fourth Circuit looks to whether the state court would have "jurisdiction over the arbitration award" and whether there is a "potentiality for conflicting decisions regarding the arbitration award." *Vulcan Chem. Tech., Inc. v. Barker*, 297 F.3d 332, 341 (4th Cir. 2002). Here, AOL moved to compel arbitration in the Loudoun County case. If granted, that court will stay the judicial proceedings so that it can maintain jurisdiction over the ultimate arbitration award. Moreover, if arbitration is granted in both the Loudoun County case and this one, there is a potentiality for conflicting decisions, as in *Vulcan*. "In these circumstances, the first *Colorado River* factor is applied to favor abstention." *Id.* at 341.

Where, as here, both the federal and state forums are equally convenient, the second factor is "inconsequential." *Cartograf*, 2023 WL 2843791 at *6. From a convenience standpoint, there is no meaningful difference between litigating in Loudoun versus Alexandria. Therefore, this factor is not relevant to the analysis.

The third factor—avoiding piecemeal litigation—weighs heavily in favor of abstention. "When addressing this factor a court may consider whether all claims can be properly adjudicated in the state and federal forums and whether all parties are amenable to process. . . . In other words,

14

can either the state or federal forum resolve the entire dispute between all interested parties so that litigation in different courts will be unnecessary to conclude the conflict?" *Jackson Hewitt, Inc. v. J2 Fin. Svcs., Inc.*, 901 F. Supp. 1061, 1067 (E.D. Va. 1995). AOL has already appeared in the Loudoun County case, which means that court can "resolve the entire dispute between all interested parties."

As to the fourth factor, Richards filed the Loudoun County action before this federal action. AOL already filed responsive pleadings in the Loudoun County action on January 7. Moreover, Richards has already appealed a decision from the Loudoun County circuit court to the Supreme Court of Virginia. Therefore, the fourth factor favors abstention.

As to the fifth factor, two-thirds of Richards' claims arise under Virginia state law. Moreover, if the Court finds that Richards consented to the 2018 TOS, the only two federal claims that he added in this case to obtain federal jurisdiction will be eliminated. Therefore, state law predominates over federal law in this action.

The sixth factor also favors abstention. The Loudoun County Circuit Court is more than capable of fairly and efficiently adjudicating Richards' claims. Indeed, Richards has asserted four of his six claims in that action, and he can simply amend his Loudoun County complaint to add the two additional claims asserted here, which is what he should have done instead of filing this action.[12]

Finally, the Court must also consider "whether the later-filed lawsuit is reactive or vexatious." *Baseline Sports, Inc. v. Third Base Sports*, 341 F. Supp. 2d 605, 608 (E.D. Va. 2004).

---

[12] During the meet and confer, AOL's counsel asked Richards' counsel to explain why it is necessary to proceed with two parallel lawsuits in two different courts. Richards' counsel provided no explanation. AOL's counsel also asked if one of the two cases could be voluntarily dismissed, but Richards' counsel advised that "[w]e are not inclined to voluntarily dismiss either case at this time."

15

Richards' claims are vexatious. Instead of simply opting out of email analysis—or contacting AOL for assistance to do so—he is now pursuing litigation in three courts. Moreover, a later-filed lawsuit is reactive where a plaintiff subsequently files a federal action only to "sidestep" the authority of the state court in the first-filed action. *Holland v. Hay*, 840 F. Supp. 1091, 1102 (E.D. Va. 1994). That is plainly the case here. On December 17, Richards filed his complaint in Loudoun County, along with a request for an emergency hearing. The Loudoun Circuit Court immediately denied Richards' emergency request. Richards then filed a motion for reconsideration, which the Loudoun Circuit Court also immediately denied on December 22. *The following day*, on December 23, Richards filed this action in federal court, once again seeking an emergency hearing. These circumstances show that Richards is engaged in procedural fencing, and that his federal action is merely reactive to the unfavorable rulings he obtained in state court.

## CONCLUSION

For the foregoing reasons, the Court should grant AOL's motion and dismiss this case.

Dated: January 12, 2026

Respectfully submitted,

**AOL MEDIA LLC**
*By Counsel*

*/s/ Brooks H. Spears*
Brooks H. Spears (VSB No. 86391)
Zachary J. Poretz (VSB No. 99508)
**MCGUIREWOODS LLP**
1750 Tysons Boulevard, Suite 1800
Tysons Corner, VA 22102
T: (703) 712-5132
F: (703) 712-5252
bspears@mcguirewoods.com
zporetz@mcguirewoods.com

## CERTIFICATE OF SERVICE

I certify that, on January 12, 2026, I caused the foregoing to be served via the Court's electronic filing system, which will send notice to all counsel of record.

*/s/ Brooks H. Spears*