**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| THOMAS RICHARDS, *Plaintiff*, v. AOL MEDIA LLC, *Defendant*. | Case No: 1:25CV2448 (PTG/IDD) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO COMPEL ARBITRATION**

Defendant AOL Media LLC ("AOL"), pursuant to L. Civ. R. 7(F), submits this opposition to the motion for leave to file supplemental brief (ECF 37) filed by Plaintiff Thomas Richards ("Richards").

1. On January 12, 2026, AOL filed a motion to compel arbitration or, alternatively, to transfer venue. ECF 19.
2. On January 14, 2026, Richards filed an opposition to AOL's motion. ECF 28.
3. On January 20, 2026, AOL filed a reply in support of its motion. ECF 31.
4. On January 23, 2026, AOL appeared by counsel for a hearing that was set by the Court on January 7, 2026.[1] ECF 16.

[1] During the hearing, counsel for AOL mistakenly confirmed that the parties had proposed the hearing date of January 23, 2026. After reviewing the docket, the parties' original proposed order included a hearing date of January *22*, 2026 (ECF 15-1 ¶ 5), whereas the Court's Order changed the hearing date to January *23*, 2026 (ECF 16 ¶ 5).

5. Richards' attorney did not appear for the hearing. Instead, ten minutes before the hearing, Richards filed a "Motion for Leave to File Supplemental Brief in Opposition to Motion to Compel Arbitration." ECF 37.

6. During the hearing, the Court indicated that it was considering whether to strike Richards' most recent filing and whether to render a decision on the papers. However, the Court invited AOL to review the filing and provide a response as appropriate.

7. AOL objects to Richards' late filing and believes that it should be stricken.

8. Under the Court's L. Civ. R. 7(F), a party may not file a sur-reply brief "without first obtaining leave of Court."

9. Richards argues that leave to file a sur-reply is warranted because AOL argued certain issues "for the first time" in its reply brief. That is incorrect.

10. Throughout its reply brief, AOL merely responded to the arguments Richards made in his opposition brief. *See* ECF 31. Moreover, AOL did not attach a single exhibit or other material to its reply brief. *See id.*

11. "Where the arguments made by a party in their reply brief are merely responses to new arguments made by a party in their response, a sur-reply is not appropriate. . . . Further, sur-replies are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on the matter." *Gibbs v. Plain Green, LLC*, No. 3:17CV495, 2017 WL 7693141, at *1 (E.D. Va. Oct. 31, 2017) (citations, quotation marks, brackets, and ellipsis omitted).

12. Because AOL's reply brief did not include any new material and contained only responses to Richards' opposition brief, the Court should deny Richards' request for leave to file a sur-reply.

Dated: January 23, 2026

Respectfully submitted,

**AOL MEDIA LLC**
*By Counsel*

*/s/ Brooks H. Spears*

Brooks H. Spears (VSB No. 86391)
Zachary J. Poretz (VSB No. 99508)
**MCGUIREWOODS LLP**
1750 Tysons Boulevard, Suite 1800
Tysons Corner, VA 22102
T: (703) 712-5132
F: (703) 712-5252
bspears@mcguirewoods.com
zporetz@mcguirewoods.com

**CERTIFICATE OF SERVICE**

I certify that, on January 23, 2026, I caused the foregoing to be served via the Court's electronic filing system, which will send notice to all counsel of record.

*/s/ Brooks H. Spears*